IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAYVIARD, LLC, | : | Case No. 4:13-cv-02400 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| UGI STORAGE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### June 6, 2014

For the following reasons, plaintiff Fayviard, LLC's motion for remand to the Court of Common Pleas of Tioga County, Pennsylvania is granted.

## I.    Background

Originally filed on August 16, 2013 by plaintiff Fayviard LLC (hereinafter, "Fayviard") in the Court of Common Pleas of Tioga County, Pennsylvania, this case was removed to federal court by defendant UGI Storage Company (hereinafter, "UGI") on September 17, 2013. (ECF No. 1). As grounds for removal, UGI asserted this Court's federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

1

On September 26, 2013, Fayviard moved to remand the case to the Court of Common Pleas (ECF No. 7) and requested oral argument on the motion (ECF No. 8). See also  28 U.S.C. § 1447(c) (providing for remand of removed case). Fayviard briefed the motion to remand on September 26, 2013 (ECF No. 7-2); UGI filed an opposing brief on October 10, 2013 (ECF No. 15); and Fayviard filed a reply brief on October 14, 2013 (ECF No. 19).

Also on October 14, 2013, Fayviard's counsel wrote to the Court a letter requesting reimbursement, pursuant to 28 U.S.C. § 1447(c), of "actual expenses, including attorney's fees," in the event Fayviard's motion to remand is granted. (ECF No. 20).

On December 9, 2013, Fayviard's counsel wrote to the Court a letter candidly, if ludicrously, explaining that he had "not extensively research[ed] the law" at the time he filed his briefs in support of remand. But, counsel continued, having "further researched the law" in the intervening period, he had discovered a compelling reason for remanding the case to the Court of Common Pleas. (ECF No. 22). Counsel proceeded to "suggest" the reason to the Court.

On December 16, 2013, UGI moved to strike Fayviard's December 9, 2013 letter on the ground that the letter constituted a brief filed out of time in support of the pending motion to remand. (ECF No. 23).

2

On January 14, 2014, Fayviard petitioned the United States Court of Appeals for the Third Circuit for a writ of mandamus ordering the undersigned to remand this case to the Court of Common Pleas. The Third Circuit denied this motion without prejudice on May 20, 2014.[1]

## II.   Summary of the Complaint

Citing 26 Pa. C.S.A. § 502(c) and 58 Pa. C.S.A. § 3241(e), Fayviard's Complaint petitions the Court of Common Pleas for the  appointment of viewers to assess damages Fayviard alleges are owed as a result of UGI's de facto condemnation of Fayviard's interests in oil and gas lying beneath the surface of property owned by Scott Fay in Tioga County, Pennsylvania. (See Compl., ECF No. 1-1 ¶¶ 1-6).

According to Fayviard, some time on or after October 26, 2009, UGI, a "gas storage utility" vested with "the power of eminent domain pursuant to both the laws of the Commonwealth of Pennsylvania[2] and the federal Natural Gas Act,"[3]

---

[1]In addition to the foregoing, the following motions were docketed: On September 25, 2013, UGI moved to dismiss on the ground that Fayviard's complaint fails to state a claim upon which relief can be granted." (ECF No. 6). On October 3, 2013, Fayviard moved to strike UGI's motion to dismiss. (ECF No. 12). On October 11, 2013, Fayviard withdrew its motion to strike. (ECF No. 17).

[2]Presumably Fayviard is referring to 58 Pa. C.S.A. § 3241(a), which, in relevant part, provides:

applied to the Federal Energy Regulatory Commission (hereinafter, "FERC") for a

certificate of public convenience and necessity (hereinafter, "CPCN") authorizing

UGI's operation of a gas storage facility – the "Meeker Storage Facility" – in

Tioga County, Pennsylvania. (Compl. ¶¶ 2, 3, 10). UGI's proposed dimensions for

the Meeker Storage Facility include a 3,000 foot "buffer zone" surrounding the

Facility. (Id. ¶¶ 11-12). Once FERC authorizes the buffer zone, Fayviard asserts,

gas drilling (specifically, drilling by the hydraulic fracturing method) will be

prohibited within that zone.[4] (Id. ¶ 13).

   Fayviard "believes, and therefore avers," that Mr. Fay's property and

Fayviard's oil and gas interests are located "within either or both" of the Meeker

---

[A] corporation empowered to transport, sell or store natural gas or manufactured gas in this Commonwealth may appropriate an interest in real property located in a storage reservoir or reservoir protective area for injection, storage and removal from storage of natural gas or manufactured gas in a stratum which is or previously has been commercially productive of natural gas.

[3]The Natural Gas Act is codified at 15 U.S.C. §§ 717 et seq.

[4]The Complaint is sloppy in communicating whether drilling is currently prohibited (see id. ¶ 20 ("[FERC] prohibits the use of hydraulic fracturing in the Marcellus Shale in either the storage zone of the Meeker Storage Facility or the Buffer Zone.")) or will be prohibited in the future (see id. ¶ 13 ("When [FERC] certifies the Buffer Zone to be 3000 feet, Hydraulic Fracturing in the Marcellus Shale will be prohibited in the Buffer Zone.")). Elsewhere, Fayviard makes clear that future prohibition of drilling is anticipated. (Pl. Reply Br., Oct. 14, 2013, ECF No. 19 at 2).

Storage Facility and buffer zone. (Id. ¶ 17). Fayviard's oil and gas interests are "very valuable," but UGI's actions have destroyed their value because entities that would otherwise lease the right to exploit them "know" that hydraulic fracturing will be prohibited in the Meeker Storage Facility and buffer zone. (Id. ¶¶ 13, 18, 21). Consequently, such entities "will not lease oil and gas rights nor will they drill . . . in the . . . Meeker Storage Facility or the buffer zone." (Id. ¶ 24).

Although a condition precedent to receiving the CPCN required UGI to notify landowners potentially affected by the Meeker Storage project, UGI "notified neither Mr. Fay nor Fayviard" of its CPCN application, and UGI has made no overtures towards purchasing Fayviard's interests. (Id. ¶¶14-16). Nor has UGI filed a declaration of taking under Pennsylvania law. (Id. ¶ 25). Consequently, Fayviard alleges that a de facto taking of his oil and gas interests has occurred. He proceeds under 26 Pa. C.S.A. § 502(c), which provides that "[a]n owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers," and 58 Pa. C.S.A. § 3241(e), which likewise allows property owners to petition for the appointment of "viewers to assess damages to be paid to the property owner for the rights appropriated."

## III.   UGI's Opposition to Remand

In response to Fayviard's motion to remand, UGI argues that removal to this Court is proper because Fayviard's claim raises federal questions sufficiently substantial to warrant exercise of this Court's federal question jurisdiction. Specifically, Fayviard's "claim depends upon an interpretation of the [federal] Natural Gas Act, the powers of [FERC, a federal regulatory agency], and the effect of an application pending before [FERC]." (Def. Opp'n Br., Oct. 10, 2013, ECF No. 15 at 2). Such interpretive issues arise because Fayviard "claims that UGI has a duty to compensate it based on the buffer zone requested within the application before [FERC], which application is based on powers granted by Section 717f of the Natural Gas Act and the regulations thereunder." (Def. Opp'n Br. at 2). "Simply put," UGI explains, Fayviard's "claim for compensation requires this Court to determine whether a buffer zone certificated by [FERC] amounts to a taking of plaintiff's property." (Id. at 3).

"In addition," UGI asserts, Fayviard "claims that UGI violated [FERC] regulations by allegedly not notifying [Fayviard] of the [CPCN] application, and by allegedly not negotiating in good faith with [Fayviard] prior to filing the application." (Id. ¶ 2-3). UGI also cites various provisions of the Natural Gas Act,

including § 717u,[5] which grants federal courts exclusive jurisdiction over claims

alleging Natural Gas Act violations; § 717r, which, among other things, allocates

jurisdiction over various types of appeals from orders issued by FERC and other

state and federal agencies; and § 717f(h),[6] which gives federal and state courts

---

[5]In relevant part, 15 U.S.C. § 717u provides:

The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.

[6]15 U.S.C. § 717f(h) provides:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

7

concurrent jurisdiction over eminent domain actions by CPCN-holders. All of these provisions, according to UGI, further support federal jurisdiction over Fayviard's claim.

## IV.   Discussion

"The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Removal statutes "should be strictly construed and all doubts should be resolved in favor of remand." Id. See also 16 Moore's Federal Practice, § 107.41(e)(i)(A) (Matthew Bender 3d ed.) ("[A] defendant who has removed a case ordinarily has the burden of proving the grounds necessary to support removal when the plaintiff attempts to remand the case.").

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a). UGI asserts that removal is proper here because "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether, as UGI asserts, this case "arises under" federal law is determined by looking at the

face of Fayviard's Complaint, independent of any defenses raised by UGI. United States Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).

Even if Fayviard's Complaint does not rely on a federal cause of action, federal question jurisdiction is not necessarily lacking. "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, . . . those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 27-28 (1983) (emphasis added).

Thus, this Court has jurisdiction if Fayviard's Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). See also Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Complaints meeting this standard, however, constitute "a

'special and small category' of cases." Id. (quoting Empire Healthchoice Assurance v. McVeigh, 547 U.S. 677, 699 (2006)).

Fayviard's Complaint does not fit the bill. To prove a de facto condemnation, Fayviard will be required to show (1) "exceptional circumstances which have substantially deprived [it] of the beneficial use and enjoyment of [its] property," (2) that the "substantial deprivation [has been] occasioned by the actions of [a defendant] clothed with the power of eminent domain," (3) that the substantial deprivation resulted from defendant's exercise of that power, and (4) that "the damages sustained [are] an immediate, necessary and unavoidable consequence of such exercise." Darlington v. Cnty. of Chester, 147 Pa. Commw. Ct. 177, 607 A.2d 315, 183 (1992). The inquiry is highly fact-specific; "each case turns on its unique factual matrix." Id. at 184.

Federal law is implicated in some of the elements of Fayviard's de facto condemnation claim, but not in a fashion that gives rise to federal jurisdiction. Thus, the Complaint asserts that UGI takes its power of eminent domain in part from the Natural Gas Act, a federal law, but this assertion is not in dispute. Cf. United Gas Pipe Line Co. v. Brown, 207 F. Supp. 139, 142 (E.D. La. 1962) (mere fact that gas company conducts itself under a certificate from Federal Power Commission, FERC's predecessor, "creates no federal question").

The Complaint also asserts that UGI's (federal) CPCN application evidences UGI's intention to exercise of its power of eminent domain, but contrary to UGI's contention, Fayviard does not assert that UGI's CPCN application "amounts to a taking," at least not by force of federal law.  (Def. Opp'n Br. at 2). It appears, rather, that Fayviard views UGI's CPCN-seeking conduct and the perception of that conduct by potential lessees of Fayviard's oil and gas interests simply as part of the "factual matrix" tending to show that a <u>de facto</u> taking has occurred.[7] Tellingly, while offering vague allusions to the "interpretation[s] of the Natural Gas Act" that Fayviard's claim will purportedly bring about (Def. Opp'n Br. at 2), UGI fails to cite a single federal statutory or regulatory provision that will have any material impact on the outcome of Fayviard's claim. In sum, no federal question appears on the face of the Complaint.

Attempting to manufacture jurisdiction, UGI posits that Fayviard has alleged

---

[7]That said, UGI should be excused for misconstruing Fayviard's inartfully drawn Complaint in this respect. <u>See</u> n.4 <u>supra</u>. In the Court's reading, Fayviard's theory of liability appears to be analogous to that of the (unsuccessful) plaintiff in <u>Darlington v. Cnty. of Chester</u>, 147 Pa. Commw. Ct. 177, 607 A.2d 315 (1992). In <u>Darlington</u>, the plaintiff claimed, <u>inter alia</u>, that the county's well-publicized but unconsummated plan to condemn his rental properties in order to build a proposed "Public Services Building" created such uncertainty for potential lessees that it rendered plaintiff's properties unmarketable. Likewise here, Fayviard claims that UGI's known but unconsummated intention to condemn properties within the buffer zone has rendered his oil and gas interests unmarketable.

a violation of the Natural Gas Act. This is a red herring. Fayviard does not seek

relief for a violation of the Natural Gas Act, and establishing a violation (if that is

even the proper word for UGI's alleged conduct) of CPCN application

requirements is no necessary part of proving that a <u>de facto</u> condemnation has

occurred. UGI cannot weave this non-issue into a substantial federal issue.

Finally, UGI's scattershot citations to jurisdictional provisions of the Natural

Gas Act do not hit the mark. Section 717u does not come into play because

Fayviard does not allege a violation of the Natural Gas Act. Likewise as to § 717r

because Fayviard does not appeal a decision of FERC or any agency.

UGI's citation to § 717f(h) is somewhat puzzling because, if anything, that

provision indicates this case should be in state court. Section 717f(h) provides for

federal jurisdiction over eminent domain actions involving CPCN-holders who

have been unable to agree with a property owner on the price of a right-of-way or

other property necessary to complete a certificated project. <u>See Nw.  Pipeline G.P.

v Francisco</u>, 2008 WL 4547216, at *3 (W.D. Wash. Oct. 3, 2008) ("[B]ecause

Defendants have not allowed [plaintiff gas company] to acquire their land and

because the land may be deemed necessary by the certificate, [plaintiff] is entitled

to initiate condemnation proceedings in district court."). Here, the predicates to

federal jurisdiction are lacking. According to the Complaint, UGI has never sought

to purchase Fayviard's oil and gas interests, and indeed UGI apparently has not come to possess a CPCN that would allow it to exercise its power of eminent domain to acquire those interests in federal court. See UGI Storage Co., 133 F.E.R.C. 61073, 61397 (2010) ("[T]his order will certificate only those portions of the 2,980 acres of the proposed buffer zone for the Meeker facility for which UGI Storage has already acquired the necessary property rights or will be able to acquire such rights from [its predecessor]."). Had UGI taken those steps, the Court's analysis may well be different since § 717f(h) implies that the CPCN-holder is entitled to select his preferred forum. But the actual circumstances are otherwise and, accordingly, so is the result. Cf. Humphries v. Williams Natural Gas Co., 48 F. Supp. 2d 1276, 1279-83 (D. Kan. 1999)

This case should be remanded to the Court of Common Pleas because UGI has not met its burden of establishing federal jurisdiction. That said, neither party in this case has done much to persuade the Court. The parties's briefs are, to put it lightly, not exemplary, and certainly do not meet the complexity of the issues involved. This is unfortunate because, generally, thoughtful and amply-supported legal opinions are built, if at all, upon thoughtful and amply-supported briefs from the parties, especially when fairly discrete areas of the law – e.g., the Natural Gas Act, de facto condemnation in Pennsylvania – are involved.

13

Fayviard's counsel admittedly "did not extensively research the law" before composing his briefs, apparently having concluded that removal was, <u>prima facie,</u> an "obvious dilatory action" by UGI. (ECF No. 22). This approach was misguided since "the federal government's pervasive presence in the field of natural gas is beyond peradventure," <u>Humphries</u>, 48 F. Supp. 2d at 1278 (D. Kan. 1999), and the analysis that separates state law claims merely touching on federal law from those that implicate federal law substantially enough to trigger federal jurisdiction is "anything but clear." <u>Grable & Sons</u>, 545 U.S. at 321 (Thomas, J., concurring). The admitted failure of Fayviard's counsel to grapple with these issues gave his early submissions in support of remand little force.

Worse, when Fayviard's counsel roused himself to "further research the law," his arguments to the Court clearly implicated binding precedent contrary to his position, <u>see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), which went unmentioned. Especially since Fayviard made the argument outside of a briefing schedule – meaning no corrective reply from UGI would necessarily be forthcoming – it was incumbent upon Fayviard's counsel to mention and distinguish (if possible) this binding precedent from the outset.

Regardless, this case should return to the Court of Common Pleas. Since it does not appear that UGI removed this case in bad faith or without colorable basis

14

for removal, the parties should bear their own costs and actual expenses, including attorney fees.

## V.     Conclusion

For the foregoing reasons, plaintiff Fayviard, LLC's motion for remand to the Court of Common Pleas of Tioga County is granted.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge